# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: HOTEL BOOKING ACCESS FOR
INDIVIDUALS WITH DISABILITIES LITIGATION                MDL No. 2978

## ORDER DENYING TRANSFER

**Before the Panel**: Defendant in a now-dismissed Western District of Pennsylvania action (*Hotels and Stuff*) moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Massachusetts. This litigation currently consists of 26 actions pending in eleven districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of 70 related federal actions pending in eighteen districts. Defendants in a Western District of Pennsylvania action (*Beidman*) support centralization in the District of Maryland. Plaintiffs in all actions and potential tag-along actions oppose centralization. Defendants in the Western District of Texas *Patel* action and the Western District of Wisconsin *Rasmus d/b/a Harbor's Edge Motel* potential tag-along action oppose centralization.

On the basis of the papers filed,[1] we are not persuaded that centralization is necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation. The actions on defendant's motion[2] share allegations that various hotels do not comply with the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181, *et. seq.*, and related regulations because they provide insufficient information on their own websites, or supply inadequate information to non-party booking websites, about accessible guest rooms and other hotel features. Some factual overlap among the actions is not surprising, given that the plaintiffs, who allege that they are ADA "testers" and are represented by common counsel, have filed highly similar complaints in each case.

We are not convinced that centralization will add substantial efficiencies to this litigation. The circumstances of each hotel defendant's purported violations likely will vary to a great

---

[1] All responding parties waived oral argument.

[2] Defendant's motion arrives before us in an odd procedural posture—moving defendant's case has been dismissed, yet moving defendant continued to seek centralization. Following the dismissal of its action, the Panel Clerk requested briefing from the parties on defendant's authority to continue to seek centralization under 28 U.S.C. 1407(c)(ii). Movant argued that it was authorized to pursue centralization because it had an action pending at the time it filed its motion, and it urged the Panel to order centralization on its own accord, as provided by Section 1407(c)(i). We will exercise this authority and consider this matter.

- 2 -

degree.³ Each likely has different types of rooms, including different accessible rooms and unique accessible (or non-compliant) features, and is subject to different requirements under the ADA. Moreover, the information that the hotels posted on their own websites or provided to other third-party sites likely varies.

The actions do not appear to have required a significant amount of judicial attention to date. In total, the Panel has been notified of 141 actions and potential tag-along actions brought by plaintiff's counsel. Ninety-six remain pending. This history of early dismissals and settlements "suggests that the advantages centralization typically affords—*i.e.*, reducing duplicative discovery and motion practice, etc.—may not be relevant." *In re: ArrivalStar S.A. Fleet Mgmt. Sys. Patent Litig.*, 802 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011). Finally, transfer to another district may be particularly inconvenient to certain hotel defendants which are the subject of pending motions for default judgment. If needed, any discovery produced by the common plaintiffs could be shared across the actions, and any decisions issued in one action can be consulted by other judges presiding over similar actions.

---

³ *See In re Starbucks Corp. Access for Individuals with Disabilities Litig.*, 326 F. Supp. 3d 1370, 1371 (J.P.M.L. 2018) (denying centralization because most actions involved a different location" and in light of "the unique circumstances in existence at that Starbucks at the time of plaintiff's visits.").

- 3 -

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.[4]

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

---

[4] Plaintiffs also request sanctions for what they characterize as defendant's frivolous motion to centralize. We deny their request.

**IN RE: HOTEL BOOKING ACCESS FOR
INDIVIDUALS WITH DISABILITIES LITIGATION**           MDL No. 2978

## SCHEDULE A

District of District of Columbia

SARWAR v. 1061 31ST STREET LLC, C.A. No. 1:20−02601
SARWAR v. TUDOR LP, C.A. No. 1:20−02775

Middle District of Georgia

SARWAR v. OMKAR RAJ 2017 LLC, C.A. No. 3:20−00099

Northern District of Georgia

SARWAR v. CHATUGE RESORT, INC., C.A. No. 2:20−00215

Southern District of Georgia

SARWAR v. JAY NIDHI INC., C.A. No. 5:20−00124

Central District of Illinois

SARWAR v. ELIM KE, INC., C.A. No. 2:20−02273

District of Maine

SARWAR v. AUBURN FIRESIDE INN LLC, C.A. No. 2:20−00355

District of Maryland

SARWAR v. LAVALE HOSPITALITY LLC, C.A. No. 1:20−02668
SARWAR v. HOTEL GUNTER 2018 LLC, C.A. No. 1:20−02829

District of Massachusetts

SARWAR v. R.F. DALY REALTY LLC, C.A. No. 1:20−11774
SARWAR v. AARIA HOSPITALITY LLC, C.A. No. 1:20−11779
SARWAR v. HYANNIS TRAVEL INN REALTY TRUST, C.A. No. 1:20−11780
SARWAR v. BOXBOROUGH REGENCY LLC, C.A. No. 1:20−11783
SARWAR v. CONCORD'S COLONIAL INN ONE, LLC, C.A. No. 1:20−11850
SARWAR v. THE WAGON WHEEL MOTEL INC., C.A. No. 3:20−11782

-A2

    District of New Jersey

SARWAR v. BIPIN−SETH INC., C.A. No. 2:20−12744

    Northern District of New York

SARWAR v. DOBBINS REAL ESTATE, LLC, C.A. No. 1:20−01111
SARWAR v. PATEL, C.A. No. 5:20−01117
SARWAR v. ESA 0504 INC., C.A. No. 5:20−01174
SARWAR v. TOWN HOUSE MOTOR INN, INC., C.A. No. 6:20−01060
SARWAR v. RESORT HOLDINGS LP LLC, C.A. No. 8:20−01161
SARWAR v. WALDY, C.A. No. 8:20−01173

    Western District of Texas

SARWAR v. AJNISHA BUILDERS, LLC, C.A. No. 5:20-01098
SARWAR v. MINU, LLC, C.A. No. 5:20-01165
SARWAR v. PATEL, ET AL., C.A. No. 7:20-00239