**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                        **Plaintiff,**

      vs.                                                      **6:20-CV-1060
                                                                        (TJM/ATB)**

**TOWN HOUSE MOTOR INN, INC.,**

                        **Defendant.**
_____

**Thomas J. McAvoy,
Sr. U.S. District Judge**

## ORDER

      Plaintiff Saim Sarwar filed a Complaint in this action on September 4, 2020. See dkt. # 1. The Complaint, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., and the New York Human Rights Law ("NYSHRL"), NYS Exec. Law § 296(2)(a), alleges that Plaintiff is an individual with a disability as defined by the ADA. Id. at ¶ 1. Plaintiff's disability limits his ability to walk and use his hands, and he frequently uses a wheelchair to get about outside the home. Id. He requires accessible handicap parking spaces close to the entrance of any facility he visits. Id. He also needs space and a smooth ramp to get from his parking space to the building. Id. Once inside the building, the Plaintiff requires that fixtures and amenities like faucets, doorknobs, and sinks be at an appropriate height and arrangement so that he can use them. Id.

      Plaintiff alleges that he serves as a "tester" of public facilities on behalf of himself

1

and other similarly situated persons.  Id. at ¶ 2.  His aim is to "[assert] his civil rights and [monitor], [ensure] and [determine] whether places of public accommodation and their websites are in compliance with the ADA."  Id.

Defendant allegedly owns the Town House Inn in Otsego, New York.  Id. at ¶ 3.  That property is a place of lodging and thus a public accommodation.  Id.  Plaintiff alleges that Defendant has violated the ADA by failing to provide information in on-line reservation systems that reveals whether the hotel has the accommodations he needs considering his disabilities.  Id. at ¶¶ 12-13.  The hotel fails to provide information sufficient "so that disabled persons can independently ascertain whether or not they are accessible."  Id. at ¶ 13(A).  Plaintiff consulted a number of on-line reservation websites and was unable to determine whether Defendant could meet his needs.  Id. at ¶¶ 13(b)-(e).

Plaintiff's Complaint seeks declaratory judgment and injunctive relief under the ADA and damages under the NYSHRL.  Plaintiff also seeks attorneys fees, costs, and expenses.

The Court issued summons when Plaintiff filed the Complaint.  See dkt. # 2.  Plaintiff served the Complaint on Defendant on January 5, 2021.  See dkt. # 4.  When Defendant failed to answer the Complaint, Plaintiff requested that the Clerk of Court enter default.  See dkt. # 5.  The Clerk of Court entered default on January 29, 2021.  See dkt. # 6.

Plaintiff then filed the instant motion for default judgment.  See dkt. # 7.  Plaintiff seeks an order from the Court mandating that Defendant bring the websites into compliance with the ADA.

"[D]efault judgment is an extreme remedy that should only be granted as a last

resort." Bravado Int'l Group Merich. Servs. v. Ninna, Inc., 655 F.Supp.2d 177, 186 (E.D.N.Y. 2009). Whether to grant a motion for default judgment is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Courts favor resolving cases on the merits, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Id. at 96.

Plaintiff's default judgment motion provides the Court with a recitation of the facts of the case and proof of the entry of default. Plaintiff also explains in some detail the injunctive relief sought. The Court will grant this relief, as detailed below. The Plaintiff's Complaint states clearly the basis of the claim and the relief sought. Defendant did not answer the Complaint, and the Clerk has entered default. Under those circumstances, granting the relief sought is appropriate in that respect.

Though the Court is to "[accept] as true all well pleaded allegations against a defaulting defendant for purposes of determining liability," the Plaintiff is still required to present evidence to establish the amount of damages. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). Thus, "the quantum of damages must be established by proof unless the amount is liquidated or susceptible to mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). While "'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Bravado, 655 F.Supp.2d at 190 (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)). Instead, "the court may rely on detailed affidavits or documentary evidence . . . to evaluate the proposed

3

sum." Fustok, 122 F.R.D. at 156.

The Plaintiff's motion for default judgment also states that the Plaintiff seeks attorneys fees and costs, as well as damages of $1000 under the NYSHRL  The Court agrees that fees and costs are available to a party who prevails under the ADA, and will grant the motion.  Plaintiff has provided sufficient evidence to establish the attorneys fees owed without a hearing, and the Court award them.  Plaintiff is also entitled to damages under the NYSHRL.  See NYS Exec. L § 297(9).  That statute does not provide a fixed amount of damages, however, and Plaintiff has not presented any proof to justify the $1,000 in damages he seeks.  The Court will therefore deny the motion in that respect with leave to renew if Plaintiff can provide proof of damages.

Accordingly:

Plaintiff's motion for default judgment, dkt. # 24, is hereby **GRANTED** in part and **DENIED** in part with leave to renew, as follows:

1. The motion is **GRANTED** with respect to the injunctive relief Plaintiff seeks, and the Defendant is hereby **ENJOINED** from discriminating against individuals with disabilities.  The Defendant is **ORDERED** to comply with federal regulations related to information on websites, as follows:

    a. With respect to the websites located at https://townhouseinnoneonta.com/ and https://reservation.booking.expert/ the websites shall identify accessible rooms, and provide sufficient information as to whether the rooms or features at the hotel are accessible for people with disabilities.  The statement "facilities for disabled guests" is

insufficient to provide the necessary information.

    b.  With respect to the websites located at www.booking.com, www.priceline.com, and www.agoda.com, those websites shall comply with federal regulations regarding information on accessible rooms by identifying accessible rooms, allowing for booking of accessible rooms, and providing sufficient information as to whether the rooms or features at the hotel are accessible.  This information must contain more than the statement that "facilities for disabled guests" are available;

2. Defendant is directed to provide the above-listed websites with the necessary information and photographs necessary to comply with the Court's order and federal regulations;

3. The Defendant is directed to make the necessary changes to these on-line reservation system and provide sufficient information to the third-party on-line reservation system providers listed in paragraph 1 above for those providers to comply with the Court's order within 120 days of the date of this order;

4. Judgement is hereby granted to the Plaintiff against the Defendant. Defendant is hereby **ORDERED** to pay the Plaintiff $4,364.60, as follows:

    a. $1,814.60 in expenses; and

    b. $2,550 in attorney's fees; and

5. The motion is **DENIED** with leave to renew with respect to Plaintiff's claim for damages under the NYSHRL.  Plaintiff shall provide proof of such damages

within thirty (30) days of the date of this order. Failure to provide proof will cause the Court to consider Plaintiff's claim for damages under the NYSHRL abandoned.

**IT IS SO ORDERED**

Dated: July 6, 2021

Thomas J. McAvoy
Senior, U.S. District Judge