**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                      **Plaintiff,**

    vs.                                                **6:20-CV-1060**
                                                        **(TJM/ATB)**

**TOWN HOUSE MOTOR INN, INC.,**

                      **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

## ORDER

    Plaintiff Saim Sarwar filed a Complaint in this action on September 4, 2020. See dkt. # 1. The Complaint, brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181, et seq., and the New York Human Rights Law ("NYSHRL"), NYS Exec. Law § 296(2)(a), alleges that Plaintiff is an individual with a disability as defined by the ADA. Id. at ¶ 1. The Complaint alleges that Defendant violated anti-discrimination laws by failing to provide sufficient information about rooms that are accessible for persons with disabilities.

    The Court issued summons when Plaintiff filed the Complaint. See dkt. # 2. Plaintiff served the Complaint on Defendant on January 5, 2021. See dkt. # 4. When Defendant failed to answer the Complaint, Plaintiff requested that the Clerk of Court enter default. See dkt. # 5. The Clerk of Court entered default on January 29, 2021. See dkt. #

1

6. Plaintiff then filed a motion for default judgment. See dkt. # 7. The Court granted the motion in part and denied the motion in part on July 16, 2021. See dkt. # 27.

On August 16, 2021, the Court received correspondence from Alan John. See dkt. # 31. John is apparently the President and Owner of Defendant Town House Motor Inn, Inc. Id. The correspondence before the Court appears to be two letters between Mr. John and Plaintiff's counsel. Id. One letter is dated July 30, 2021. Id. The letter notes that a copy has been sent to the undersigned judge. Id. That letter disputes the claims in the Complaint and notes that "[w]e have no evidence of your filing my answer letter to the related district court dealing with this matter." Id. The letter also notes a number of specific defenses to the claims in the Complaint. Id. The second letter, on the letterhead of Town House Motor Inn, Inc., is likewise addressed to Plaintiff's counsel. Id. The letter is dated November 25, 2020. Id. The letter states: "[e]nclosed please find two (2) signed copies of the Answer to the subject Complaint. The Answer has not been filed as I am not on the ECF System. Would you be able to file this for me?" Id. The letter also proposes an attempt to settle the case through a court-appointed mediator.

The Court has granted default judgment in this case. "[D]efault judgment is an extreme remedy that should only be granted as a last resort." Bravado Int'l Group Merich. Servs. v. Ninna, Inc., 655 F.Supp.2d 177, 186 (E.D.N.Y. 2009). Whether to grant a motion for default judgment is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). Courts favor resolving cases on the merits, and "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of

2

the defaulting party." Id. at 96.

This correspondence makes clear that Defendant intends to dispute the claims in Plaintiff's Complaint. Given the Court's clear preference for resolving cases on the merits, the Court will vacate the entry of default and the default judgment in this matter. The Court notes, however, that "it is well established that a layperson may not represent a corporation" or "represent a partnership." Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997). No attorney is currently representing Defendant in this action,[1] and Mr. John does not represent to the Court that he is an attorney licensed to practice in any jurisdiction, much less in this District. As such, the Court will not accept the purported answer for filing. Instead, the Court will direct the Defendant to engage an attorney to enter an appearance in this case and file an answer to the Complaint within thirty days of the date of this Order.

As such:

The Clerk's Entry of Default, dkt. # 22, is hereby **VACATED**. The Court's Default Order, dkt. # 27, and Judgment, dkt. # 30, are hereby **VACATED**. The Defendant is hereby directed to engage an attorney to enter an appearance in this matter and to file an answer or otherwise respond to the Complaint within thirty (30) days of the date of this Order.

**IT IS SO ORDERED**

Dated: August 18, 2021

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] An attorney briefly appeared for the Defendant, but then withdrew his appearance because he and his firm had no contact or payment from the Defendant. See dkt. # 15.

3