**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SAIM SARWAR,**

                                        **Plaintiff,**

          **vs.**                                            **6:20-CV-1060**
                                                             **(TJM/ATB)**

**TOWN HOUSE MOTOR INN, INC.,**

                                        **Defendant.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


                              **ORDER**

          Plaintiff Saim Sarwar filed a Complaint in this Court alleging that Defendant Town

House Motor Inn, Inc., violated his rights under the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12181 et seq. and New York law.  See Complaint ("Complt."), dkt. #

1.  Plaintiff alleges that he has a disability and serves as a "'tester' for the purpose of

asserting her [sic][1] civil rights and monitoring, ensuring, and determining whether places of

public accommodation and their websites are in compliance with the ADA."  Id. at ¶ 2.

Defendant operates a hotel in Oneonta, New York.  Id. at ¶ 3.  Because Plaintiff needs to

find hotels that provide certain accommodations for his disability, Plaintiff checks the

websites of hotels to determine whether they comply with the ADA in providing information

_____

          [1]The first paragraph uses his/him pronouns to refer to the Plaintiff."  See Complt. at
¶ 1.  The body of the Complaint refers to Plaintiff as a male, and the Court will assume
that the reference to "her" in this paragraph was an error.

                              1

about whether guest rooms meet the needs of people with disabilities.  Id. at ¶¶ 6, 10.

Plaintiff contends that Defendant fails to provide this information and seeks damages,

injunctive relief, and attorneys fees under state and federal law.

Defendant did not answer the Complaint, and Plaintiff obtained an entry of default

from the Court.  See dkt. #9.  After the Court vacated that entry of default at the request of

the Defendant, see dkt. # 14, defendant again failed to answer the Complaint and the

Clerk again entered default.  See dkt. # 22.  Plaintiff filed a motion for default judgment,

dkt. # 24, which the Court granted in part.  See dkt. # 30.  Defendant again sought an

opportunity to answer, and the Court vacated the default judgment.  See dkt. # 32.

Default again failed to file an answer, and the Clerk again entered default.  See dkt. # 37.

Plaintiff again filed a motion for default judgment.  See dkt. # 41.  That motion is currently

pending before the Court.

The Defendant's repeated failure to answer or otherwise respond to the Complaint,

despite the Court's patience in providing that opportunity, provides a sound basis for

granting the default judgment motion.  An examination of the record and the relevant law

has, however, raised an issue that the Court finds must be examined. The Second Circuit

Court of Appeals has addressed the issue of whether testers like the Plaintiff have

standing to bring claims under the ADA that allege violations by hotels that fail to provide

sufficient information about available accommodations.  See Harty v. West Point Realty,

Inc., 28 F.4th 435 (2d Cir. 2022).  There, the Court of Appeals noted that the "Article III

grants federal courts the power to redress harms that defendants cause plaintiffs, not a

freewheeling power to hold defendants accountable for legal infractions."  Id. at 443

(quoting Transunion LLC v. Ramirez, 594 U.S. ___, ___, 141 S.Ct. 2190, 2205 (2021)).

The Court found that the plaintiff-tester in <u>Harty</u> had not alleged that he had plans to visit

"West Point or the surrounding area," and "he [could not] allege that his ability to travel

was hampered by" defendant's failure to produce a compliant booking website "in a way

that caused him concrete harm."  <u>Id.</u>  He lacked standing to bring a cause of action for

damages.  <u>Id.</u>  The tester had not alleged any specific plans to stay in the area, but only

expressed an intention to visit the area at some point.  <u>Id.</u>  Such allegations were

insufficient to allege standing to obtain prospective relief: "'[s]uch some day

intentions–without any description of concrete plans, or indeed even any specification of

when the some day will be–do not support a finding of the actual or imminent injury' that

Article III requires."  <u>Id.</u> (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 564 (1992)

(internal quotations omitted)).  Similarly, Plaintiff failed to state an "information injury,"

because he had not alleged that the information he sought to use from the websites

served any purpose "'beyond bringing [his] lawsuit.'" <u>Id.</u> at 444 (quoting <u>Laufer v. Looper</u>,

22 F.4th 871, 881 (10th Cir. 2022)).  Plaintiff's "boilerplate" allegation that the website in

question violated federal regulations also failed to confer standing; "a statutory violation

alone, however labeled by Congress, is not sufficient for Article III standing."  <u>Id.</u>

The Court is not convinced from the allegations in the Complaint and the

information in the motion for default judgment that Plaintiff has sufficiently alleged

standing.  The issue of a party's "standing is 'the threshold question in every federal case,

determining the power of the court to entertain the suit.'" <u>in Re Gucci</u>, 126 F.3d 380, 387-

88 (2d Cir. 1997) (quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975)).  While a court has

the ability to address the issue of standing on its own motion, "[i]t is generally good

practice . . . for courts to give a party an opportunity to a contemplated *sua sponte*

dismissal for lack of standing because '[i]t gives the adversely affected party a chance to develop the record to show why dismissal is improper; it facilitates *de novo* review of legal conclusions by ensuring the presence of a fully-developed record before an appellate court; and it helps the trial court avoid the risk that it may have overlooked valid answers to what it perceives as defects in plaintiff's case." In re Indu Craft, Inc., 630 Fed.Appx. 27, 28-29 (2d Cir. 2015) (quoting McGinty v. New York, 251 F.3d 84, 90 (2d Cir. 2001)).

As such, the Plaintiff is hereby ORDERED to show cause why the Court should not dismiss the case for lack of standing within 14 days of the date of this Order.  Plaintiff's showing should include a brief not longer than ten pages and any documents that Plaintiff feels are necessary to decide the issue.  Failure to file the ordered documents by the date specified may cause the Court to consider the Court's contemplated dismissal for lack of standing unopposed.  The Court will address the pending motion for default judgment if Plaintiff demonstrates standing.

**IT IS SO ORDERED**

Thomas J. McAvoy
Senior, U.S. District Judge

Dated: February 17, 2023

4